359

Argued and submitted May 13, affirmed June 8, 1994

Diana EIFERT,
Personal Representative of
the Estate of Thomas L. Hess,
*Appellant,*

*v.*

FORTIS BENEFITS
INSURANCE COMPANY,
fka Western Life Insurance Company,
fka St. Paul Life Insurance Company,
a Minnesota corporation,
registered to do business in
the State of Oregon,
*Respondent.*

(9304-02558; CA A81714)

876 P2d 343

James F. McCaffrey argued the cause and filed the briefs for appellant.

James F. Spiekerman argued the cause for respondent. With him on the brief were Peter A. Ozanne and Schwabe, Williamson & Wyatt.

Before Rossman, Presiding Judge, and Leeson and Haselton, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

In this action to recover benefits under a life insurance policy, plaintiff, the personal representative of the Estate of Thomas Hess, appeals from a judgment for defendant Fortis Benefits Insurance Company, assigning error to the trial court's granting of summary judgment to defendant.

Hess purchased a whole life policy from defendant in 1985. The face value of the policy is $32,377. The policy contains a cash surrender option that permits the policy holder to surrender the policy by submitting a written request to do so, along with the policy itself, to defendant. The policy provides that defendant has the right to delay payment of the surrender value of the policy for up to six months after receipt of the written request.

In January, 1992, Hess moved from his residence in Hillsboro, Oregon, to the home of his brother, Virgil Hess, in Canoga Park, California. He lived there until May, 1992, when he moved into the home of his parents, in Forest Grove, Oregon. While in California, his mail had been forwarded to him by the post office. After he moved back to Oregon, the Hillsboro post office continued to forward his mail to Canoga Park. In September, 1992, Hess contacted defendant and requested a cash surrender request form. Hess received the form and signed, dated and mailed it on October 5, 1992. The form said:

"I * * *, the owner * * * of this policy, wish to surrender it and request [Fortis] to pay the cash surrender value. In consideration for such payment, the undersigned relinquishes all right, title, interest and claim in or under the policy."

On the form, Hess gave his parents' Forest Grove address as his address.

Defendant asserts by affidavit that it received Hess' request for the cash surrender value and that, on October 13, 1992, it mailed to the Forest Grove address a check in the amount of $761.86 payable to Hess. The amount of the check represented the cash surrender value of the policy less Hess' outstanding loan from defendant. Defendant asserts by affidavit that the check was returned to it undelivered by the U.S.

Postal Service, and that, on October 26, 1992, it remailed the check to Hess at the Hillsboro address.

On October 27, 1992, Hess was killed in a trucking accident. When, on November 6, 1992, his brother returned to Canoga Park after having attended Hess' funeral, he found an unopened correspondence from defendant that had been addressed to Hess at the Hillsboro address and forwarded to Canoga Park by the Hillsboro post office. The envelope was postmarked October 26, 1992, at St. Paul, Minnesota. It was found to contain a check dated October 12, 1992, payable to Hess for the sum of $761.86. The check bore the Forest Grove address where Hess had been living.

When defendant refused to pay the full face value of the policy to Hess' estate, plaintiff filed the complaint in this proceeding. Defendant contended that, when Hess asserted his right to receive the cash value of the policy, Hess had surrendered his rights to the full face value. The trial court granted summary judgment to defendant, and did not address the factual questions raised by plaintiff as to whether defendant ever sent the check to the Forest Grove address or Hess ever received the check. Plaintiff contends that those factual issues preclude summary judgment.

Plaintiff's view of the case is that there are two contracts at issue:

> "The first is the life insurance policy under which defendant insured the life of plaintiff's decedent. The second contract is the agreement to mutually rescind the first contract by surrendering the policy for cash value."

Plaintiff contends that Hess' request for the cash value of the policy constituted an offer by Hess to rescind the policy, which defendant had to accept by delivery of the cash surrender value to Hess. Plaintiff asserts that, because Hess did not personally receive the check before his death, defendant did not accept Hess' offer, and the policy remains in effect.

Contrary to plaintiff's contention, a request for cash surrender value is not a request to rescind the policy; rather, it is an expression of intent to enforce a contractual right under the express terms of the policy. A life insurance policy such as defendant's, which provides a right to the policy's

cash surrender value in exchange for its surrender, is effectively canceled when the insurer receives the insured's letter requesting cancellation and the cash surrender value. 3A Appleman, *Insurance Law and Practice* § 1757, 34 (1967). It is not essential that the cash value have been received by the insured to make the surrender binding. The rationale for such a conclusion is that

> "the insurer is absolutely bound to comply with the insured's request for payment of the cash surrender value, and its consent not being essential, the last binding act is performed when the insured communicates his desire to the company."

3A Applemen, *Insurance Law and Practice, supra,* § 1757 at 36.

Some courts view the matter in terms of "offer" and "acceptance." The policy's provision permitting surrender is considered to be a continuous irrevocable offer of surrender for cash value that matures into a contractual obligation upon acceptance by the insured. *See LaDow v. New England Mut. Life Ins. Co.*, 727 F Supp 1399 (D Kan 1989); *Confederation Life Association v. Vega y Arminan*, 207 So 2d 33 (Fla App), *cert dismissed*, 211 So 2d 169 (Fla 1968), *cert den* 393 US 980 (1968); *Meier v. New Jersey Life Ins. Co.*, 101 NJ 597, 613, 503 A2d 862 (1986); *Taylor v. Bonilla*, 801 SW2d 553 (Tex App 1990). In our view, when Hess executed and mailed his request for the policy's cash surrender value, he simply asserted his right under the policy to its cash surrender value in exchange for his relinquishment of his remaining rights under the policy. His request was effective when it was received by defendant.[1]

---

[1] In the light of the policy's provision that the insurer has six months within which to pay the request for surrender, plaintiff argues that, within that six-month period, the insured would be uncertain as to the status of insurance coverage and when or whether coverage had been canceled, unless the insurer is deemed to have "accepted" the offer to rescind the policy only when the insured has actually received the check for the cash surrender value. That point aptly illustrates one of the weaknesses of plaintiff's view, which we have rejected, that the insured is the "offeror" of an agreement to rescind the policy.

We accept plaintiff's view that, under the policy, the cash surrender value is the sole consideration that the insured receives in exchange for relinquishment of remaining rights under the policy; the fact that defendant has six months within which to *pay* the insured does not alter our conclusion that it is the insurer's receipt of the request for cash surrender value that effects a cancellation of the policy.

Because we conclude that Hess' request for the cash surrender value of the policy had the effect of canceling the policy when it was received by defendant, the factual disputes highlighted by plaintiff are not material to the resolution of the case. There being no genuine issue of material fact, and defendant being entitled to judgment as a matter of law, the trial court did not err in granting summary judgment to defendant.[2]

Affirmed.

---

[2] The check issued to Hess bore the following language:

"CASH SURRENDER PROCEEDS: THIS CHECK IS IN FULL PAYMENT, RELEASE AND SATISFACTION OF ALL CLAIMS WHATSOEVER * * *."

Plaintiff argues that the language of "release" clearly permits a finding that Hess did not release his claims under the policy until he received and endorsed the check. However, the request form that Hess mailed to defendant contained essentially the same language.